UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELIX DARNELL CALVERT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT  MANAGEMENT, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.  1:16-cv-10852<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes FELIX DARNELL CALVERT ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 59 year old natural person residing at 37 W Harrison, Oak Park, Illinois, which lies within the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7. Defendant states that it is, "dedicated to helping consumers find their way back to financial stability and relieve the emotional stress that can accompany unpaid debt."[1]  From its headquarters at 3111 Camino del Rio North, Suite 1300, San Diego, California, Defendant is a third-party debt collection company that is in the business of collecting delinquent consumer debts for others, including a debt allegedly owed by Plaintiff.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. Several years ago, Plaintiff was laid-off from his employment in construction.  As a result, he defaulted on several consumer obligations.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

---

[1] https://www.midlandcreditonline.com/who-is-mcm/midland-funding-llc/

12. In approximately October 2015, Plaintiff started receiving calls from Defendant to his cellular phone, (773) XXX-9901.  *See* Exhibit A.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9901.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Upon information and belief, Defendant was engaged to collect defaulted consumer debt of Plaintiff that was purchased by Midland Funding, LLC.

15. Defendant placed calls to Plaintiff's cellular phone from a variety of phone numbers including (866) 580-4680 and (877) 236-7498.  *Id.*

16. Upon information and belief, the phone numbers ending in 4680 and 7498 are utilized by Defendant during its debt collection activities towards consumers in Illinois.

17. When Plaintiff answered calls from Defendant, he would always experience a noticeable pause, approximately five seconds in length, before a live representative started speaking.  *Id.*

18. Defendant identified itself as a debt collector that was attempting to collect on a debt during its communications with Plaintiff.

19. Lacking income, Plaintiff informed Defendant of his situation and asked it to stop calling.  *Id.*

20. Despite his demand, Defendant continued to call Plaintiff for the purpose of debt collection until at least late January 2016.  *Id.*

21. Defendant called Plaintiff as frequently as four times during the same day.  Often, Defendant's calls would come less than an hour apart.  *Id.*

22. Plaintiff made numerous demands to Defendant to cease contacting him throughout the end of 2015 and into 2016.  *Id.*

23. Defendant disregarded Plaintiff's pleas and called him not less than 30 additional times after he requested that it cease. *Id.*

24. Frustrated over the calls, Plaintiff expended money purchasing and maintaining an application on his cellular phone for the purpose of blocking Defendant's phone numbers. However, because Defendant uses different phone numbers, the calls persisted. *Id.*

25. Plaintiff spoke with Sulaiman regarding his rights.

26. Plaintiff has suffered financial loss as a result of Defendant's actions.

27. Plaintiff has incurred charges and expenses that he would not have otherwise sustained if not for Defendant's systematic calls, including the loss of cellular phone capacity.

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10) and f during its communications and actions towards Plaintiff. Armed with the desire to secure payment from Plaintiff on defaulted consumer debt, Defendant engaged in a purposeful and systematic campaign to unfairly harass him. Through a concentrated automated calling campaign, Defendant placed a litany of calls to Plaintiff's cellular phone using an automated system.

32. Plaintiff specifically advised Defendant of his situation and inability to pay. He further demanded that Defendant stop contacting him. Despite his requests, Defendant continued to regularly contact Plaintiff through means of an automated system. Defendant's continued contacts were unwelcomed and harassing to Plaintiff. Many of Defendant's calls were placed in

extreme proximity to one another and were intended to compel Plaintiff into making payment so he could avoid the frequent contacts. Defendant knew and desired for its conduct to be inconvenient and harassing to Plaintiff.

33. As plead in paragraphs 23 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, FELIX DARNELL CALVERT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

36. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The approximately five second pause that Plaintiff experienced during answered calls

before being connected to a live representative is revealing that an ATDS was being used by Defendant. The frequency and nature of Defendant's calls are instructive of those produced through a predictive ATDS.

37. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made numerous demands to Defendant to cease contacting him.

38. The calls placed by Defendant to Plaintiff were regarding debt collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, FELIX DARNELL CALVERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from contacting Plaintiff, and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

42. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

43. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

44. Defendant violated the ICFA by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it did not have consent to do so. Through its conduct, Defendant deceptively represented that it had the ability to contact Plaintiff in the manner which it did.

45. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

46. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

47. As pled in paragraphs 23 through 29, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant knowingly engaged in collection actions towards Plaintiff through false and deceptive means. Defendant's actions are against public policy and it should be penalized accordingly.

WHEREFORE, Plaintiff, FELIX DARNELL CALVERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 23, 2016                      Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com